The CONTINENTAL INSURANCE COMPANY by and through MARINE OFFICE OF AMERICA CORPORATION, Its Marine Underwriting Manager, Plaintiff-Appellant,

v.

HIGHLANDS INSURANCE COMPANY, Defendant-Appellee.

No. 85–2290.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 1986.

Decided July 2, 1986.

---

William H. King, King, MacLeod, Alford & Morey, San Francisco, Cal., for plaintiff-appellant.

Harold Albert Stone, Steven M. Perl, San Francisco, Cal., for defendant-appellee.

Before NELSON, CANBY and NOONAN, Circuit Judges.

NOONAN, Circuit Judge.

In this diversity case The Continental Insurance Company (Continental), a New Hampshire corporation, appeals from the district court's grant of summary judgment in favor of Highlands Insurance Company (Highlands), a Texas corporation. We affirm and impose sanctions on appellant for bringing a frivolous appeal.

1. *Events.* In 1979 Henry Goulden, an employee of General Construction Company (General) was injured while working as a pile driver on board General's derrick barge in Oakland harbor. In 1981 he brought four causes of action against General—for unseaworthiness; for Jones Act negligence; for maintenance and cure; and for negligence as a vessel owner under the Longshore and Harbor Workers' Compensation Act (LHWCA). The case was defended by General's insurer, Continental. Four days before trial, on March 1, 1984, Continental advised Highlands, also an insurer of General, that the trial was imminent and that Continental would demand contribution from Highlands if Goulden re-

covered. On March 6, 1984, Continental settled with Goulden for a total amount of $418,000. Continental's attorneys' fees and costs were $52,000. Continental now seeks contribution from Highlands to both the settlement and its expenses.

2. *Issue.* Exclusion J of the policy issued to General by Highlands specified:

This insurance does not apply:

\* \* \* \* \* \*

(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation because of damages arising out of such injury; ...

Continental contends that because General was sued by Goulden as a vessel owner as well as an employer the exclusion does not hold and the insurance does apply.

3. *Analysis.* That Goulden suffered bodily injury is indisputable. That it arose out of his employment is equally indisputable, although Continental has chosen to dispute it. When two insurance companies dispute with each other, it is only just to construe the relevant contractual terms as they are written. On its face, Exclusion J rejects liability for bodily injury to an employee.

Highlands' whole case is pitched on an extrapolation from *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), holding that an employee may sue his employer for negligence as an employer under the LHWCA and also then sue the employer as a vessel owner. Continental maintains that Goulden's claim against General as a vessel owner was consequently not excluded by Exclusion J.

The policy was written well before *Pfeifer*. Its exclusion is not of coverage for a particular cause of action. The insurance simply "does not apply" to bodily injury arising out of and in the course of employment. For Continental to prevail the exclusion would have had to have been limited to "causes of action arising out of and in the course of employment."

That General's policy with Continental was basically an employer's liability policy does not help Continental. Its policy cannot change what Highlands agreed to insure. The single case Continental cites to support its contention of "arising out of and in the course of employment" is made relevant only by a misquotation. *U.S. Fidelity & Guaranty Co. v. Reinhardt & Donovan Co.*, 171 F.2d 681 (10th Cir.1978). The law is not as Continental represents it to be. Its case consists in a quibble.

Double costs and attorneys fees are imposed for a frivolous appeal. Highlands shall file an affidavit stating its costs and attorneys' fees within 20 days of the entry of this opinion. An appropriate award will be made by separate order.

AFFIRMED.